**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwante Jackson and Debra Jackson, ) | Case No. |
| ) | |
| Plaintiffs, ) | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| ) | |
| vs. ) | |
| ) | |
| Bursey & Associates, P.C. and Unifund ) | |
| CCR Partners, ) | |
| ) | |
| ) | |
| Defendants. | |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiffs further alleges a claim for invasion of privacy ancillary to Defendants' collection efforts.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

Complaint - 1

## III.  PARTIES

3. Plaintiffs, Dwante Jackson and Debra Jackson, are natural persons residing in Maricopa County.

4. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendants, Bursey & Associates, P.C. and Unifund CCR Partners, are corporations engaged in the business of collecting debts by use of the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiffs in an attempt to collect an alleged outstanding debt. Defendants' conduct violated sections B, C, D, E, F and G of the FDCPA in multiple ways in connection with collection of an alleged debt from Plaintiff Dwante Jackson.

Specifically, Defendants engaged in unfair, harassing, abusive, oppressive and deceptive practices when misleading Plaintiff Dwante Jackson as to his ability to challenge the legality of a Writ of Garnishment executed by Defendants on his joint bank account.  On October 21, 2009, Plaintiff Dwante Jackson's mother Plaintiff Debra Jackson informed him that her bank account, for which Plaintiff Dwante is a joint account holder, had been frozen.  Plaintiff Dwante Jackson is an authorized user for Debra Jackson's bank account for emergencies, but all funds in the account belong to

Plaintiff Debra Jackson. Plaintiff Dwante Jackson's name was added to the account as a security measure, in case of emergencies. When Plaintiff Dwante Jackson called his bank to ask about the account freeze, the bank informed Plaintiff that the joint account had been frozen due to a Writ of Garnishment issued by Bursey & Associates. Plaintiff Dwante Jackson immediately called Defendant Bursey & Associates to inquire about the garnishment and was connected with a representative of Defendant named Claudia. Claudia informed Plaintiff Dwante Jackson that the garnishment had been issued pursuant to a judgment against Dwante Jackson from 2007. Plaintiff Dwante Jackson told Claudia that the money in the account did not belong to him and begged her to reverse the garnishment for that reason. Claudia responded by stating that Plaintiff Dwante Jackson's name was on the account, and therefore the garnishment was lawful, regardless of the source of funds in the account. Claudia's statement was false because it misrepresented the law. Claudia's statement was unfair in that Claudia is not an attorney and it is unfair to allow non-attorneys to state Defendant's opinions on a substantive legal issue relevant to his case (§ 1692e(10))§1692f;

Defendants also falsely represented the character, amount, or legal status of Plaintiff's debt. Defendants alleged in their complaint against Plaintiff Dwante Jackson that Dwante owed over $3,000 in attorney's fees. The judge disagreed and ordered only approximately $300 in attorney's fees. The statement that Plaintiff Dwante Jackson owed $3000.00 in attorney's fees was a misstatement of debt and an unfair practice and an attempt to collect unauthorized fees (§ 1692e(2)(A) & § 1692f);

Complaint - 3

Further, in or around October, 2009, Defendants filed a Writ of Garnishment in an Arizona State Court against a bank account jointly held by Plaintiff Dwante Jackson and his mother, Plaintiff Debra Jackson. Defendants were required to serve notice on both account holders pursuant to ARS §12-1598.04. Defendants attempted to serve notice of the Writ to Plaintiff Dwante Jackson, but no notice was sent whatsoever to Plaintiff Debra Jackson. Failure to attempt to serve notice of garnishment of her bank account to Plaintiff Debra Jackson in violation of Arizona Law was an unfair practice and a violation of 15 USC § 1692f.

Moreover, Defendants obtained a wrongful judgment due to their willful failure to serve notice to Plaintiff Dwante Jackson of their Application for Entry of Default, filed June 18, 2007, and each and every further action taken to collect on the debt was a continuing violation stemming from this initial wrongful act. Defendants filed a lawsuit for nonpayment of the alleged debt against Plaintiff Dwante Jackson in late 2006. After filing, Defendants attempted personal service twice. The first attempt was on November 1, 2006 to 4397 W Bethany Home Road, # 1291. Personal service was not achieved because the address was a UPS Store. A UPS Store employee notified the server that Plaintiff Dwante Jackson had a mailbox there but obviously did not live there. Shortly thereafter Defendants tried to serve Dwante at 7969 Meadowbrook Ave., Phoenix, AZ 85033. The female who answered the door at this address stated that Plaintiff Dwante had never lived there and immediately shut the door. Defendants then effected service by publication on 4/17/07. In the listing for publication, Defendants listed Plaintiff Dwante Jackson's last known address as 4397 W Bethany Home Rd, # 1291. On June 18, 2007,

Complaint - 4

Defendants filed an Application for Entry of Default. Defendants were required to serve a copy of the Application to Plaintiff Dwante Jackson. However, instead of using the 4397 Bethany Home Road address, Defendants sent notice to the 7969 Meadowbrook Ave. Address which had already been shown to be invalid. Defendants' failure to send the notice of Application for Entry of Default to the 4397 Bethany Home Road address as opposed to the discredited 7969 Meadowbrook Ave address was an unfair and deceptive practice. This unfair practice caused Plaintiff Dwante Jackson not to receive notice of the Default Judgment entered by the Arizona Court and eventually resulted in Plaintiff Debra's account being garnished unlawfully. (§ 1692f & § 1692e(2) and (10)).

Defendants also never sent Plaintiff a "G" notice as required by law, allowed a third party non debtor (Plaintiff Dwante's mother Plaintiff Debra) to learn about this alleged debt, and otherwise engaged in behavior intended to harass, oppress and abuse Plaintiffs, and behavior that was unfair and deceptive towards Plaintiffs.

8. Defendants' aforementioned violations of the FDCPA also constitute an invasion of Plaintiffs' right to privacy, causing injury to Plaintiffs' feelings, mental anguish and distress.

9. Defendants' aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiffs' private places and into private matters of Plaintiffs' life, conducted in a manner highly offensive to a reasonable person. With respect to these activities of Defendants, Plaintiffs had a subjective expectation of privacy that was objectively reasonable under the circumstances.

**COUNT I: VIOLATION OF FAIR DEBT**

## COLLECTION PRACTICES ACT

10. Plaintiffs reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

11. Plaintiffs reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 21st day of December, 2009

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiffs